ROGERS, J.,
dissenting.
I would reverse the denial of habeas corpus for the reasons given by the Michigan Court of Appeals for finding a Confrontation Clause error that was not harmless.
The Michigan courts together effectively ruled as follows: defendant’s Confrontation Clause right was violated, but because the issue was not preserved, plain error review applied, and the violation did not rise to the level of plain error. Neither *518 the district court below nor the majority here agrees with — or even finds reasonable — the conclusion that plain error was the proper standard for the Michigan appellate courts to apply. The underlying policy of AEDPA therefore arguably weighs in favor of deference to the Michigan Court of Appeals’ resolution of the Confrontation Clause issue. In any event, there is no AEDPA-policy basis for rejecting the state court’s analysis of the Confrontation Clause issue, if the plain error requirement was unreasonable.
Stated differently, it is an unreasonable application of federal law for the Michigan court to find properly that a Confrontation Clause violation warranted reversal, and then not reverse because of an unreasonable determination that the issue was not preserved. We could deny habeas if we were to determine independently that the Michigan Court of Appeals erred on the Confrontation Clause issue, but in my view the unanimous view of the Michigan appellate court is persuasive, and the Michigan Supreme Court did not disagree with the analysis.